IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BISTRO OF KANSAS CITY, MO, LLC,   ) | |
| )  | |
| Plaintiff,  ) | |
| )  | |
| v.  ) | |
| )  | No. 10-0664-CV-W-DW |
| KANSAS CITY LIVE  ) | |
| BLOCK 125 RETAIL, LLC,  ) | |
| )  | |
| Defendant.  ) | |

**ORDER**

Before the Court is Defendant Kansas City Live Block 125 Retail, LLC's ("KC Live") Motion to Dismiss, or in the Alternative, to Transfer Venue to the United States District Court for the District of Maryland (Doc. 4). Plaintiff Bistro of Kansas City, Mo., LLC ("Bistro") opposes the motion. For the following reasons, the Court denies the motion to dismiss and grants the motion to transfer.

Introduction

This action arises out of KC Live and Bistro's lease agreement concerning a restaurant space in the Kansas City Power & Light District. The issue raised in the instant motion centers on the forum-selection clause contained within the lease agreement. This clause[1] provides that if a dispute is litigated between the parties in federal court, it must be litigated in the District of Maryland. Resolution of this issue involves the following inquires: 1) does the forum-selection

---

[1] Section 2702 of the Lease provides:
Any action or proceeding arising hereunder shall be brought in the courts of such state; provided, that if such action or proceeding arises under the Constitution, laws or treaties of the United States of America, or if there is a [sic] diversity of citizenship between the parties thereto, so that it is to be brought in a United States District Court, it shall be brought in the United States District Court for the District of Maryland.

clause apply, 2) does the existence of a forum-selection clause render venue *improper* justifying dismissal or merely transfer; and finally, 3) assuming venue is proper in the Western District of Missouri, does the existence of the forum-selection clause and other case-specific factors justify transfer to the District of Maryland. Each are addressed in turn.

### Applicability of Forum-selection Clause

The applicability of the forum-selection clause is raised by Plaintiff's argument that the language of the forum-selection clause is ambiguous. Plaintiff presents an interpretation of the clause that limits its application to when a case is *initially* brought in federal court, as opposed to removed to federal court as is the situation here. The Court refuses to adopt such a hyper-technical and strained interpretation of the clause. It is reasonably clear to the Court that the forum-selection clause sets forth two alternative venues: Missouri and the District of Maryland depending on whether federal jurisdiction exists or not. Accordingly, as Plaintiff has not otherwise challenged the validity of the forum-selection clause, the Court finds that it is valid and applies here.

### Dismissal Under Section 1406

Courts disagree on the impact of forum-selection clauses on Section 1406(a) venue analysis. Some courts hold that the violation of a forum-selection clause renders venue improper and allows the application of Section 1406(a). Other courts hold that only the Section 1391 criteria, and not a forum-selection clause, can make venue improper for purposes of Section 1406(a). The practical effect of the latter view is that dismissal is not available and transfer is only available under Section 1404. The Eighth Circuit has not spoken definitively on this dispute. The Court finds it unnecessary to confront this unsettled area of the law as the totality of the

circumstances militate in favor of transferring the entire case to the forum specified in the forum selection clause.

Transfer Under Section 1404

Section 1404(a) provides: "for the convenience of the parties and witnesses, in the interest of justice, district court may transfer any civil action to any other district or division where it might have been brought." The existence of a valid forum selection clause is not determinative of a motion to transfer venue. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-31 (1988). Rather, § 1404(a) requires the Court to "adjudicate motions for transfer according to a flexible and individualized, case-by-case consideration of convenience and fairness. Stewart, 487 U.S. at 29. Relevant factors include the convenience of the designated forum to the parties and witnesses, in light of the contractually expressed preference for that forum, and the fairness of the transfer in light of the forum selection clause and the parties' relative bargaining power. Id. at 29-30. Additionally, in applying § 1404(a)'s interest of justice standard, the Court also must weigh into the balance public interest factors such as (1) administrative difficulties due to docket congestion, (2) the court's familiarity with the law governing the action, (3) local interest in having localized controversies resolved at home, (4) the unfairness of burdening citizens in an unrelated forum with jury duty and (5) judicial economy. Id.

The factors on balance favor transfer to the District of Maryland. The Lease was negotiated from and executed by KC Live at its Maryland Office. The parties each allege that key witnesses are located in their venue of preference, and the Court finds this factor does not favor either venue above the other. The bargaining power factor weighs in favor of transfer as both parties are sophisticated business entities and were represented by counsel; the Court assumes an

3

understanding of the consequences of the venue provision. Finally, the forum selection clause is a "significant factor that figures centrally in the district court's calculus" and favors transfer. <u>Terra Int'l v. Mississippi Chemical Corp.</u>, 119 F.3d 688, 691 (8th Cir. 1997).

<u>Conclusion</u>

Based on the circumstances of this particular case, the Court finds that transfer of this action to the District of Maryland, consistent with the forum-selection clause, is proper. The Court hereby ORDERS that:

1) Defendant Kansas City Live Block 125 Retail, LLC's ("KC Live") Motion to Dismiss, or in the Alternative, to Transfer Venue to the United States District Court for the District of Maryland (Doc. 4) is DENIED IN PART and GRANTED IN PART.

2) Pursuant to 28 U.S.C. § 1404(a), this action is hereby transferred to the United States District Court for the District of Maryland.


Date:   September 21, 2010                         /s/ Dean Whipple
                                                                        Dean Whipple
                                                                    United States District Judge