# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BISTRO OF KANSAS CITY, MO., LLC  :<br>:<br>Plaintiff,  :<br>:<br>vs.  :<br>:<br>KANSAS CITY LIVE BLOCK 125  :<br>RETAIL, LLC,  :<br>:<br>Defendant.  :<br>_____ :<br>:<br>KANSAS CITY LIVE BLOCK 125  :<br>RETAIL, LLC,  :<br>:<br>Counter-Plaintiff,  :<br>:<br>vs.  :<br>:<br>BISTRO OF KANSAS CITY, MO., LLC, :<br>ROBERTO RUGGERI, JR.,  :<br>:<br>Counter-Defendants.  :<br>_____ : | Civil Action No. 1:10-CV-02726-JFM |

### ANSWER OF PLAINTIFF/COUNTER- DEFENDANT BISTRO OF KANSAS CITY, MO., LLC TO COUNTERCLAIM OF DEFENDANT AND COUNTER-PLAINTIFF KANSAS CITY LIVE BLOCK 125 RETAIL, LLC

Plaintiff and Counter-Defendant Bistro of Kansas City, Mo., LLC ("Bistro KC"), by and through its undersigned counsel, answers the Counterclaim (the "Counterclaim") of Defendant and Counter-Plaintiff Kansas City Live Block 125 Retail, LLC ("KC Live") as follows:

1. Bistro KC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim.

2. Admitted.

3. Admitted.

4. Bistro KC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Counterclaim.

5. Bistro KC admits that the two leases attached as exhibits to the Counterclaim appear to be copies of the leases between the parties, avers that the terms of those leases speak for themselves and denies the remaining allegations of paragraph 5 of the Counterclaim.

6. Bistro KC denies the allegations of paragraph 6 of the Counterclaim.

7. Bistro KC admits that Mr. Ruggeri executed its leases with KC Live and that he was authorized to do so. Bistro KC admits that Mr. Ruggeri executed a limited guaranty, but further alleges that KC Live has selectively quoted its provisions in this paragraph and denies the remaining allegations of paragraph 7 of the Counterclaim.

8. Admitted.

9. Bistro KC incorporates by reference its answers to paragraphs 1 through 8 of the Counterclaim.

10. Bistro KC admits the allegations set forth in the first two sentences of paragraph 10 and denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Bistro KC denies the allegations of paragraph 11 of the Counterclaim.

12. Bistro KC denies the allegations of paragraph 12 of the Counterclaim.

WHEREFORE, Bistro KC requests the entry of judgment in its favor on Count One of the Counterclaim and dismissing Count One with prejudice, awarding it reimbursement of its attorneys fees and costs incurred herein and awarding it such other and further relief to which it is entitled.

13. Bistro KC incorporates by reference its answers to paragraphs 1 through 13 of the

Counterclaim.

14. Bistro KC admits the allegations set forth in the first two sentences of paragraph 14 and denies the remaining allegations of paragraph 14 of the Counterclaim.

15. Bistro KC denies the allegations of paragraph 15 of the Counterclaim.

16. Bistro KC denies the allegations of paragraph 16 of the Counterclaim.

WHEREFORE, Bistro KC requests the entry of judgment in its favor on Count Two of the Counterclaim and dismissing Count Two with prejudice, awarding it reimbursement of its attorneys fees and costs incurred herein and awarding it such other and further relief to which it is entitled.

## Affirmative Defenses

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. Any claims of KC Live asserted in the Counterclaim are barred by its own breaches of the leases between the parties.

3. KC Live's claims asserted in the Counterclaim are barred by the doctrine of estoppel.

4. KC Live's claims asserted in the Counterclaim are barred by the doctrine of waiver.

5. KC Live's claims asserted in the Counterclaim are barred by the doctrine of unclean hands.

6. KC Live's claims asserted in the Counterclaim are barred by the doctrine of laches.

7. KC Live's claims asserted in the Counterclaim are barred by its failure to mitigate

its damages.

8.  KC Live's claims asserted in the Counterclaim are barred by the doctrine of accord and satisfaction.

9.  KC Live's claims asserted in the Counterclaim are barred by the statue of limitations.

WHEREFORE, Bistro KC requests the entry of judgment in its favor on all Counts of the Counterclaim and dismissing the Counterclaim with prejudice, awarding it reimbursement of its attorneys fees and costs incurred herein and awarding it such other and further relief to which it is entitled.

Date:   December 1, 2010.

>  Respectfully submitted,
>  COOTER, MANGOLD, DECKELBAUM
>  & KARAS, LLP
>
>
>  By:   /s/ Stephen Nichols
>        Dale A. Cooter
>        Md. Fed. Bar No.
>        Stephen Nichols
>        Md. Fed. Bar No. 08194
>        5301 Wisconsin Avenue, NW
>        Suite 500
>        Washington, DC 20015
>
>  PHONE:   (202) 537-0700
>  FAX:     (202) 364-3664
>  EMAIL:   efiling@cootermangold.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2010 a copy of the foregoing ANSWER was transmitted electronically due to the efiling of the document to the following:

    Charles M. Kerr, Esq.
    KERR McDONALD, LLP
    31 Light Street
    Suite 400
    Baltimore, MD 21202

                              /s/ Stephen Nichols
                              Stephen Nichols