Guaranty  *Bxrhvd of Kansas City, mo., LLC*

In order to induce Kansas City Live Block 125 Retail, LLC ("Landlord") to execute and deliver that certain Lease (the "Lease") between Landlord and _____ ("Tenant") for the Premises containing approximately 7,136 square feet of gross leasable area in Block 125 in Kansas City, Missouri ("Project "), and in consideration thereof, the undersigned ("Guarantor") hereby unconditionally, absolutely and irrevocably guarantees to Landlord, and its successors and assigns, the prompt and full payment (and not merely the collectibility) and performance and observance by Tenant of each and every item, covenant, condition, provision and obligation to be paid, kept, observed or performed by Tenant under the Lease, together with any and all costs and expenses, including reasonable attorneys' fees, which may be incurred by Landlord in connection with any default by Tenant under the Lease or enforcing the Lease and/or this Guaranty (collectively the "Obligations"). Guarantor expressly acknowledges that he, she or it has reviewed the Lease and understands the same. If there is more than one Guarantor, the terms and conditions of this Guaranty shall apply to all Guarantors jointly and severally. The liability of Guarantor is coextensive with that of Tenant and also joint and several, and legal action may be brought against Guarantor and carried to final judgment either with or without making Tenant or any assignee or successor thereof as a party thereto.

The undersigned further covenants and agrees that Landlord may at any time or from time to time, in its sole and absolute unfettered discretion, without notice to, or consent from, the Guarantor and without in any way releasing, affecting, or impairing the obligations and liabilities of the Guarantor hereunder:

(a) Extend or change the time of payment of any rent due under the Lease or any other payment required to be made by Tenant under said Lease, or the manner, place, or terms of performance or observance of any of the terms, covenants, conditions, provisions or obligations to be kept, observed or performed by Tenant under the Lease; and/or

(b) Modify any of the terms, covenants, conditions or provisions of the Lease, or waive compliance with any of the terms, covenants, conditions, provisions or obligations under the Lease.

Payment by the undersigned under this Guaranty is to be made without requiring any proceedings to be taken against Tenant for the collection of any amounts owed by Tenant under the Lease or for the keeping, performing or observing of any of the terms, covenants, conditions, provisions or obligations to be observed by Tenant under the Lease. The undersigned hereby completely and fully waives (a) notice of acceptance of this Guaranty, (b) presentment for payment, (c) notice of dishonor or default of Tenant under the Lease, (d) protest and notice of protest thereof; (e) any right of setoff, counterclaim or deduction against amounts due under this Guaranty, (f) the right to interpose all substantive and procedural defenses of the law of guaranty, indemnification and suretyship, except the defenses of prior payment or prior performance, and (g) the benefit of any statute of limitations affecting Guarantor's liability under this Guaranty.

Without limiting the generality of the foregoing, the liability of the undersigned under this Guaranty shall not be deemed to have been waived, released, discharged, impaired or affected by (a) reason of any waiver or failure to enforce or delay in enforcing any of the Obligations, or (b) the granting of any indulgence or extension of time to Tenant, or (c) the assignment of the Lease, or the subletting of the Premises by Tenant, with or without Landlord's consent, or (d) the expiration of the Term of the Lease, or (e) if Tenant holds over beyond the Term of the Lease, or (f) any merger or reorganization of the release or discharge of Tenant or any other guarantor in any voluntary or involuntary receivership, bankruptcy, winding-up or other creditors' proceedings, or (g) the rejection, disaffirmance or disclaimer of the Lease by any party in any action or proceeding, or (h) the release of any collateral held for the Obligations or release of the Guarantor or any other guarantor, or (i) any defect or invalidity of the Lease, or (j) the transfer by Guarantor of any or all of the capital stock or other ownership interests of Tenant. The liability of the Guarantor shall not be affected by any repossession, re-entry or re-letting of the Premises by Landlord, provided, however, that the net payments received by Landlord after deducting all costs and expenses of repossession and/or reletting the same (including, without limitation, any attorney fees, brokerage fees and any reasonable costs or expenses incurred in redecorating, remodeling, or altering the Premises for reletting), shall be credited from time to time by Landlord to the account of Tenant and Guarantor and Guarantor shall pay any balance owing to Landlord from time to time, immediately upon being given written notice of demand by Landlord in the manner for providing notice set forth in the Lease.

This Guaranty shall be binding upon the undersigned, his or its respective successors, assigns, personal or legal representatives and heirs, and shall inure to the benefit of Landlord and Landlord's successors and assigns. The undersigned hereby consents and agrees that this Guaranty may be assigned by Landlord, without recourse, in connection with any sale or assignment by Landlord of part or all of its

interest in the Project in which the demised premises under the Lease are contained.

This Guaranty shall remain in full force and effect until the payment or performance of all of the Obligations and the other amounts payable under this Guaranty (whether or not the Lease shall have been terminated). Until the payment and performance of all the Obligations and the amounts payable under this Guaranty, Guarantor: (a) shall have no right of subrogation against Tenant by reason of any payments or acts of performance by the Guarantor in compliance with the obligations of the Guarantor under this Guaranty; (b) waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor under this Guaranty; and (c) subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to the Landlord under the Lease.

The terms, covenants, conditions and obligations contained in this Guaranty may not be waived, changed, modified, discharged, or abandoned, except by agreement in writing, signed by the party or parties against whom enforcement of any waiver, change, modification, discharge or abandonment is sought. Guarantor agrees that it will, from time to time, within ten (10) days after Landlord's request, execute and deliver a statement certifying that this Guaranty is unmodified and in full force and effect. Guarantor hereby constitutes and appoints Landlord its true and lawful attorney-in-fact in Guarantor's name (which power of attorney shall be deemed irrevocable and a power coupled with an interest) to execute such statement if Guarantor shall fail to do so within such ten (10)-day period.

All notices or other communications to be provided pursuant to this Guaranty shall be in writing and shall be deemed to be properly served if sent by registered or certified mail or Federal Express or similar courier service with overnight delivery or via professional messenger service (with receipt therefor) or by certified or registered mail, return receipt requested, (i) if to Landlord, 601 E. Pratt Street, 6th Floor, Baltimore, Maryland 21202, and (ii) if to Guarantor, at the address set forth below. All notices or other communications to be provided pursuant to this Guaranty sent by certified or registered mail, return receipt requested, first-class postage prepaid shall be deemed effective when they are mailed, otherwise such notices shall be effective upon receipt.

The Guarantor hereby (i) irrevocably appoints _____ (the "Guarantor's Agent for Service of Process"), as the Guarantor's agent to accept service of process in any action or proceeding for the enforcement against Guarantor of any obligation or liability under this Guaranty, (ii) agrees that any such action or proceeding against the Guarantor may be commenced in any court of competent jurisdiction by service of process upon the Guarantor's Agent for Service of Process with the same affect as if the Guarantor were physically present in the same location where the Guarantor's Agent for Service of Process was served and had lawfully been served with process in such location and (iii) directs Guarantor's Agent for Service of Process to forward a copy of any notice, process or pleading served on Guarantor's Agent for Service of Process to Guarantor in the same manner in which notices are to be delivered to Guarantor pursuant to the preceding paragraph.

Notwithstanding anything herein to the contrary, provided Tenant has opened for business and has otherwise complied with its obligations in accordance with the Lease as of and through the Rent Commencement Date, and provided all suppliers of labor and/or material in connection with Tenant's initial construction of the Premises have been paid in full as of the Rent Commencement Date, Guarantor's liability hereunder shall not exceed the sum of $600,000 (which amount shall be reduced by twenty percent on each anniversary of the Rent Commencement Date provided Tenant has complied with its obligations under the Lease), plus costs of collection including reasonable attorneys' fees. The limitation contained in this paragraph shall be of no force or effect if at the time of the Event of Default by Tenant for which Landlord seeks to enforce this Guaranty and throughout the time of any legal proceedings to enforce this Guaranty, Tenant is not the lien-free owner of all equipment, fixtures, trade fixtures, inventory and other assets used or reasonably necessary in the operation of Tenant's business, or there have been in the prior thirty-six months any transfers of any assets of Tenant to anyone other than unaffiliated third parties for fair value.

Notwithstanding anything herein to the contrary, from and after the fifth anniversary of the Rent Commencement Date, Guarantor shall have no liability hereunder for any liability first accruing after the fifth anniversary of the Rent Commencement Date, if at the time Landlord seeks to enforce this Guaranty and throughout the time of any legal proceedings to enforce this Guaranty, Tenant is the lien-free owner of all equipment, fixtures, trade fixtures, inventory and other assets used in or reasonably necessary for the operation of Tenant's business, and there have been in the prior thirty-six months no transfers of any assets of Tenant to anyone other than unaffiliated third parties for fair value.

This Guaranty shall be governed by and construed in accordance with the laws of the State of Missouri applicable to agreements made and to be wholly performed within the State of Missouri. Guarantor hereby consents to the jurisdiction of any competent court within Missouri in Landlord's discretion, including, without limitation, Federal courts of the United States.

Waiver of Jury Trial. LANDLORD AND GUARANTOR EACH HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY ON ANY OR ALL ISSUES ARISING IN ANY ACTION OR PROCEEDING BETWEEN LANDLORD AND GUARANTOR OR THEIR SUCCESSORS, ASSIGNS, PERSONAL OR LEGAL REPRESENTATIVES AND HEIRS UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY OF ITS PROVISIONS. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY LANDLORD AND GUARANTOR, AND LANDLORD AND GUARANTOR EACH ACKNOWLEDGE THAT NEITHER LANDLORD NOR GUARANTOR NOR ANY PERSON ACTING ON BEHALF OF LANDLORD OR GUARANTOR HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. LANDLORD AND GUARANTOR EACH FURTHER ACKNOWLEDGE THAT HE, SHE OR IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS LEASE WITH LEGAL COUNSEL.

IN WITNESS WHEREOF, the undersigned has executed this Guaranty as of the 27th day of March, 2007.

WITNESS:

_Julie Sampson_

GUARANTOR(S):

_____ (SEAL)
Roberto Ruggeri
Social Security #: ████
Home Address:
1500 Ocean Dr. #1001
Miami Beach, FL 33139

_____ (SEAL)
Social Security #
Home Address:
_____
_____

Exhibit 6

Guaranty

In order to induce Kansas City Live Block 125 Retail, LLC ("Landlord") to execute and deliver that certain Lease (the "Lease") between Landlord and Bistro of Kansas City, MO., LLC ("Tenant") for the Premises containing approximately 1,369 square feet of gross leasable area in Block 125 in Kansas City, Missouri ("Project"), and in consideration thereof, the undersigned ("Guarantor") hereby unconditionally, absolutely and irrevocably guarantees to Landlord, and its successors and assigns, the prompt and full payment (and not merely the collectibility) and performance and observance by Tenant of each and every item, covenant, condition, provision and obligation to be paid, kept, observed or performed by Tenant under the Lease, together with any and all costs and expenses, including reasonable attorneys' fees, which may be incurred by Landlord in connection with any default by Tenant under the Lease or enforcing the Lease and/or this Guaranty (collectively the "Obligations"). Guarantor expressly acknowledges that he, she or it has reviewed the Lease and understands the same. If there is more than one Guarantor, the terms and conditions of this Guaranty shall apply to all Guarantors jointly and severally. The liability of Guarantor is coextensive with that of Tenant and also joint and several, and legal action may be brought against Guarantor and carried to final judgment either with or without making Tenant or any assignee or successor thereof as a party thereto.

The undersigned further covenants and agrees that Landlord may at any time or from time to time, in its sole and absolute unfettered discretion, without notice to, or consent from, the Guarantor and without in any way releasing, affecting, or impairing the obligations and liabilities of the Guarantor hereunder:

(a) Extend or change the time of payment of any rent due under the Lease or any other payment required to be made by Tenant under said Lease, or the manner, place, or terms of performance or observance of any of the terms, covenants, conditions, provisions or obligations to be kept, observed or performed by Tenant under the Lease; and/or

(b) Modify any of the terms, covenants, conditions or provisions of the Lease, or waive compliance with any of the terms, covenants, conditions, provisions or obligations under the Lease.

Payment by the undersigned under this Guaranty is to be made without requiring any proceedings to be taken against Tenant for the collection of any amounts owed by Tenant under the Lease or for the keeping, performing or observing of any of the terms, covenants, conditions, provisions or obligations to be observed by Tenant under the Lease. The undersigned hereby completely and fully waives (a) notice of acceptance of this Guaranty, (b) presentment for payment, (c) notice of dishonor or default of Tenant under the Lease, (d) protest and notice of protest thereof, (e) any right of setoff, counterclaim or deduction against amounts due under this Guaranty, (f) the right to interpose all substantive and procedural defenses of the law of guaranty, indemnification and suretyship, except the defenses of prior payment or prior performance, and (g) the benefit of any statute of limitations affecting Guarantor's liability under this Guaranty.

Without limiting the generality of the foregoing, the liability of the undersigned under this Guaranty shall not be deemed to have been waived, released, discharged, impaired or affected by (a) reason of any waiver or failure to enforce or delay in enforcing any of the Obligations, or (b) the granting of any indulgence or extension of time to Tenant, or (c) the assignment of the Lease, or the subletting of the Premises by Tenant, with or without Landlord's consent, or (d) the expiration of the Term of the Lease, or (e) if Tenant holds over beyond the Term of the Lease, or (f) any merger or reorganization of the release or discharge of Tenant or any other guarantor in any voluntary or involuntary receivership, bankruptcy, winding-up or other creditors' proceedings, or (g) the rejection, disaffirmance or disclaimer of the Lease by any party in any action or proceeding, or (h) the release of any collateral held for the Obligations or release of the Guarantor or any other guarantor, or (i) any defect or invalidity of the Lease, or (j) the transfer by Guarantor of any or all of the capital stock or other ownership interests of Tenant. The liability of the Guarantor shall not be affected by any repossession, re-entry or re-letting of the Premises by Landlord, provided, however, that the net payments received by Landlord after deducting all costs and expenses of repossession and/or reletting the same (including, without limitation, any attorney fees, brokerage fees and any reasonable costs or expenses incurred in redecorating, remodeling, or altering the Premises for reletting), shall be credited from time to time by Landlord to the account of Tenant and Guarantor and Guarantor shall pay any balance owing to Landlord from time to time, immediately upon being given written notice of demand by Landlord in the manner for providing notice set forth in the Lease.

This Guaranty shall be binding upon the undersigned, his or its respective successors, assigns, personal or legal representatives and heirs, and shall inure to the benefit of Landlord and Landlord's successors and assigns. The undersigned hereby consents and agrees that this Guaranty may be assigned

by Landlord, without recourse, in connection with any sale or assignment by Landlord of part or all of its interest in the Project in which the demised premises under the Lease are contained.

This Guaranty shall remain in full force and effect until the payment or performance of all of the Obligations and the other amounts payable under this Guaranty (whether or not the Lease shall have been terminated). Until the payment and performance of all the Obligations and the amounts payable under this Guaranty, Guarantor: (a) shall have no right of subrogation against Tenant by reason of any payments or acts of performance by the Guarantor in compliance with the obligations of the Guarantor under this Guaranty; (b) waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor under this Guaranty; and (c) subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to the Landlord under the Lease.

The terms, covenants, conditions and obligations contained in this Guaranty may not be waived, changed, modified, discharged, or abandoned, except by agreement in writing, signed by the party or parties against whom enforcement of any waiver, change, modification, discharge or abandonment is sought. Guarantor agrees that it will, from time to time, within ten (10) days after Landlord's request, execute and deliver a statement certifying that this Guaranty is unmodified and in full force and effect. Guarantor hereby constitutes and appoints Landlord its true and lawful attorney-in-fact in Guarantor's name (which power of attorney shall be deemed irrevocable and a power coupled with an interest) to execute such statement if Guarantor shall fail to do so within such ten (10)-day period.

All notices or other communications to be provided pursuant to this Guaranty shall be in writing and shall be deemed to be properly served if sent by registered or certified mail or Federal Express or similar courier service with overnight delivery or via professional messenger service (with receipt therefor) or by certified or registered mail, return receipt requested, (i) if to Landlord, 601 E. Pratt Street, 6th Floor, Baltimore, Maryland 21202, and (ii) if to Guarantor, at the address set forth below. All notices or other communications to be provided pursuant to this Guaranty sent by certified or registered mail, return receipt requested, first-class postage prepaid shall be deemed effective when they are mailed, otherwise such notices shall be effective upon receipt.

The Guarantor hereby (i) irrevocably appoints _____ (the "Guarantor's Agent for Service of Process"), as the Guarantor's agent to accept service of process in any action or proceeding for the enforcement against Guarantor of any obligation or liability under this Guaranty, (ii) agrees that any such action or proceeding against the Guarantor may be commenced in any court of competent jurisdiction by service of process upon the Guarantor's Agent for Service of Process with the same affect as if the Guarantor were physically present in the same location where the Guarantor's Agent for Service of Process was served and had lawfully been served with process in such location and (iii) directs Guarantor's Agent for Service of Process to forward a copy of any notice, process or pleading served on Guarantor's Agent for Service of Process to Guarantor in the same manner in which notices are to be delivered to Guarantor pursuant to the preceding paragraph.

Notwithstanding anything herein to the contrary, Guarantor shall have no liability hereunder if at the time Landlord seeks to enforce this Guaranty and throughout the time of any legal proceedings to enforce this Guaranty, Tenant is the lien-free owner of all equipment, fixtures, trade fixtures, inventory and other assets used in or reasonably necessary for the operation of Tenant's business, and there have been in the prior thirty-six months no transfers of any assets of Tenant to anyone other than unaffiliated third parties for fair value.

This Guaranty shall be governed by and construed in accordance with the laws of the State of Missouri applicable to agreements made and to be wholly performed within the State of Missouri. Guarantor hereby consents to the jurisdiction of any competent court within Missouri in Landlord's discretion, including, without limitation, Federal courts of the United States.

Waiver of Jury Trial. LANDLORD AND GUARANTOR EACH HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY ON ANY OR ALL ISSUES ARISING IN ANY ACTION OR PROCEEDING BETWEEN LANDLORD AND GUARANTOR OR THEIR SUCCESSORS, ASSIGNS, PERSONAL OR LEGAL REPRESENTATIVES AND HEIRS UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY OF ITS PROVISIONS. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY LANDLORD AND GUARANTOR, AND LANDLORD AND GUARANTOR EACH ACKNOWLEDGE THAT NEITHER LANDLORD NOR GUARANTOR NOR ANY PERSON ACTING ON

BEHALF OF LANDLORD OR GUARANTOR HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. LANDLORD AND GUARANTOR EACH FURTHER ACKNOWLEDGE THAT HE, SHE OR IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS LEASE WITH LEGAL COUNSEL.

October IN WITNESS WHEREOF, the undersigned has executed this Guaranty as of the 1st day of _____, 2007.

WITNESS:

GUARANTOR(S)

_____ (SEAL)
Roberto Ruggeri
Social Security #:
Home Address:

_____ (SEAL)
Social Security #
Home Address:

000491