IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BISTRO OF KANSAS CITY, MO., LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:10-CV-02726-JFM |
| KANSAS CITY LIVE BLOCK 125 RETAIL, LLC, | * | |
| | * | |
| Defendant. | * | |
| *     *     *     * | * | |
| KANSAS CITY LIVE BLOCK 125 RETAIL, LLC, | * | |
| Counter-Plaintiff, | * | |
| v. | * | |
| BISTRO OF KANSAS CITY, MO., LLC, et al., | * | |
| | * | |
| Counter-Defendants. | | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*     \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MOTION OF COUNTER-PLAINTIFF KANSAS CITY LIVE BLOCK 125 RETAIL, LLC, TO STRIKE "VERIFIED STATEMENT OF ROBERT RUGGERI IN SUPPORT OF MOTION TO DISMISS" AND STATEMENT OF POINTS AND AUTHORITIES

Counter-Plaintiff Kansas City Live Block 125 Retail, LLC ("KC Live") moves to strike the "Verified Statement of Roberto Ruggeri in Support of Motion to Dismiss" that is attached as Exhibit 1 to the memorandum of points and authorities in support of Counter-Defendant Roberto Ruggeri's ("Ruggeri") motion to dismiss KC Live's counterclaim against him. See Doc. No. 25 filed December 1, 2010. Ruggeri

states, on the fourth page of his "verified statement," that the statement "is true and correct to the best of my knowledge, information and belief." Since such a statement, by its own terms, is simply a recitation of "hearsay" and "opinion"[1] which is not admissible in evidence, the Ruggeri statement should be struck by the Court and the Court should not consider this statement in deciding Counter-Defendant Ruggeri's pending motion to dismiss KC Live's counterclaim based upon Ruggeri's assertion that this Court may not assert personal jurisdiction over him. The grounds for this motion are as follows:

1.   Although the Federal Rules of Civil Procedure do not expressly address the evidentiary requirements for factual proffers made to support a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, this Court has held that, where a party opposing such a motion challenges a factual proffer by the moving party that does not comply with the requirements of Federal Rule of Civil Procedure 56(e), this Court will strike, and not consider, such a factual proffer. See, e.g., McLaughlin v. Copeland, 435 F. Supp. 513, 521 n.1 and accompanying text (D. Md. 1977); cf., Goode v. STS Loan & Management, Inc., 2005 WL 106492 *2 - *3 (D. Md. 2005).

2.   As noted, Counter-Defendant Ruggeri, on the fourth page of his "Verified Statement" above what appears to be his signature, states to the Court that: "I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief." A factual proffer made

---

[1] "It is unacceptable for the affiant to swear to facts 'on information' or 'on belief.' . . . [A] witness at trial or in support of a motion for summary judgment cannot testify to information (hearsay) or belief (opinion). If the affidavit is not on personal knowledge, it is defective and will be stricken upon motion of the party against whom the motion is filed." P. Niemeyer, L. Schuett, J. Lynch, Jr., and R. Bourne, Maryland Rules Commentary at p. 354 (3d ed. 2003). While 4th Circuit Judge Niemeyer's statement is addressed to affidavits filed for summary judgment purposes under the Maryland Rules, the same evidentiary principles apply under the Federal Rules of Civil Procedure.

by way of an affidavit is which the affiant says that the matters he is relating are based upon his "knowledge, information and belief" does not comply with the personal knowledge requirement of Rule 56(e), and, upon a motion to strike filed by the opposing party, such an affidavit is to be struck by the Court, and the factual matters it contains are not to be considered by the Court in ruling upon the motion. See, e.g., Goode, supra, at *2; Lawyers Title Insurance Corp. v. Haire, 2003 WL 24275209 *3 n.6 (D. Md. 2003); Evans v. Technologies Applications & Services Co., 875 F. Supp. 1115, 1120-21 (D. Md. 1995), aff'd, 80 F. 3d 954 (4th Cir. 1996).

WHEREFORE, for the reasons stated, Counter-Plaintiff KC Live asks the Court to strike Counter-Defendant Ruggeri's "verified statement" attached as Exhibit 1 to the Ruggeri motion to dismiss and to hold that none of the facts proffered by Ruggeri in that "statement" will be considered by this Court in deciding Counter-Defendant Ruggeri motion to dismiss.

Respectfully submitted,

_____
Charles M. Kerr
Federal Bar No. 00395
Kerr McDonald, LLP
31 Light Street, Suite 400
Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)
CKerr@KerrMcDonald.com

Attorney for Defendant and Counter-Plaintiff
Kansas City Live Block 125 Retail, LL

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of December, 2010, a copy of the motion of Counter-Plaintiff Kansas City Live Block 125 Retail, LLC, to strike "verified statement of Roberto Ruggeri in support of motion to dismiss" and statement of points and authorities, which was electronically filed in this case on December 15, 2010, was mailed, first class, postage prepaid, to Dale A. Cooter, Esq., and Stephen W. Nichols, Esq., Cooter, Mangold, Deckelbaum and Karas, LLP, 5301 Wisconsin Avenue, N.W., Suite 500, Washington, D.C. 20015, attorneys for Plaintiff and Counter-Defendants Bistro of Kansas City, MO, LLC, and Robert Ruggeri, Jr.

_____
Charles M. Kerr

K19228