# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BISTRO OF KANSAS CITY, MO., LLC<br><br>    Plaintiff,<br><br>vs.<br><br>KANSAS CITY LIVE BLOCK 125 RETAIL, LLC,<br><br>    Defendant.<br><br>KANSAS CITY LIVE BLOCK 125 RETAIL, LLC,<br><br>    Counter-Plaintiff,<br><br>vs.<br><br>BISTRO OF KANSAS CITY, MO., LLC, ROBERTO RUGGERI, JR.,<br><br>    Counter-Defendants. | Civil Action No. 1:10-CV-02726-ELH |

### ANSWER OF COUNTER- DEFENDANT ROBERTO RUGGERI, JR.
### TO COUNTERCLAIM OF DEFENDANT AND
### <u>COUNTER-PLAINTIFF KANSAS CITY LIVE BLOCK 125 RETAIL, LLC</u>

    Counter-Defendant Roberto Ruggeri, Jr. ("Ruggeri"), by and through his undersigned counsel, answers the Counterclaim (the "Counterclaim") of Defendant and Counter-Plaintiff Kansas City Live Block 125 Retail, LLC ("KC Live") as follows:

    1.    Ruggeri is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim.

    2.    Admitted.

3. Admitted.

4. Ruggeri is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Counterclaim.

5. Ruggeri admits that the two leases attached as exhibits to the Counterclaim appear to be copies of the leases between the parties, avers that the terms of those leases speak for themselves and denies the remaining allegations of paragraph 5 of the Counterclaim.

6. Ruggeri denies the allegations of paragraph 6 of the Counterclaim.

7. Ruggeri admits that he executed the leases between KC Live and Bistro of Kansas City, MO., LLC ("Bistro KC") and that he was authorized to do so.  Ruggeri admits that he executed a limited guaranty, but further alleges that KC Live has selectively quoted its provisions in this paragraph and denies the remaining allegations of paragraph 7 of the Counterclaim.

8. Admitted.

9. Ruggeri incorporates by reference his answers to paragraphs 1 through 8 of the Counterclaim.

10. Ruggeri admits the allegations set forth in the first two sentences of paragraph 10 and denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Ruggeri denies the allegations of paragraph 11 of the Counterclaim.

12. Ruggeri denies the allegations of paragraph 12 of the Counterclaim.

WHEREFORE, Ruggeri requests the entry of judgment in his favor on Count One of the Counterclaim and dismissing Count One with prejudice, awarding him reimbursement of his attorneys fees and costs incurred herein and awarding him such other and further relief to which he is entitled.

13. Ruggeri incorporates by reference his answers to paragraphs 1 through 13 of the Counterclaim.

14. Ruggeri admits the allegations set forth in the first two sentences of paragraph 14 and denies the remaining allegations of paragraph 14 of the Counterclaim.

15. Ruggeri denies the allegations of paragraph 15 of the Counterclaim.

16. Ruggeri denies the allegations of paragraph 16 of the Counterclaim.

WHEREFORE, Ruggeri requests the entry of judgment in his favor on Count Two of the Counterclaim and dismissing Count Two with prejudice, awarding him reimbursement of his attorneys fees and costs incurred herein and awarding him such other and further relief to which he is entitled.

Affirmative Defenses

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. Any claims of KC Live asserted in the Counterclaim are barred by its own breaches of the leases between the parties.

3. KC Live's claims asserted in the Counterclaim are barred by the doctrine of estoppel.

4. KC Live's claims asserted in the Counterclaim are barred by the doctrine of waiver.

5. KC Live's claims asserted in the Counterclaim are barred by the doctrine of unclean hands.

6. KC Live's claims asserted in the Counterclaim are barred by the doctrine of laches.

7. KC Live's claims asserted in the Counterclaim are barred by its failure to mitigate its damages.

8. KC Live's claims asserted in the Counterclaim are barred by the doctrine of accord and satisfaction.

9. KC Live's claims asserted in the Counterclaim are barred by the statue of limitations.

10. In the limited guarantees signed by Ruggeri, any claims of KC Live asserted in the Counterclaim are limited by the terms of the guarantees.

WHEREFORE, Ruggeri requests the entry of judgment in his favor on all Counts of the Counterclaim and dismissing the Counterclaim with prejudice, awarding him reimbursement of his attorneys fees and costs incurred herein and awarding him such other and further relief to which he is entitled.

Date:   April 1, 2011.

Respectfully submitted,
COOTER, MANGOLD, DECKELBAUM
& KARAS, LLP


By:   /s/ Stephen Nichols
Dale A. Cooter
Md. Fed. Bar No. 01743
Stephen Nichols
Md. Fed. Bar No. 08194
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015

PHONE:   (202) 537-0700
FAX:        (202) 364-3664
EMAIL:    efiling@cootermangold.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2011 a copy of the foregoing ANSWER was transmitted electronically due to the efiling of the document, and was also served via first class mail, postage prepaid, to the following:

    Charles M. Kerr, Esq.
    KERR McDONALD, LLP
    31 Light Street
    Suite 400
    Baltimore, MD 21202

                        /s/ Stephen Nichols
                        Stephen Nichols